## OLE A. AUBOL v. GRAND FORKS LUMBER COMPANY.[1]

### November 19, 1915.

### Nos. 19,546—(95).

**Log and logging — evidence.**

1. The evidence sustains the finding that defendant owned or controlled logs which were permitted to pile up in a river above a dam.

**Same — finding of negligence sustained by evidence.**

2. It sustains the finding that defendant was negligent in permitting such logs to pile up and so remain, and that this caused the river to back up and form a new channel, depriving plaintiff of his riparian rights on the old channel.

**Injunction to restore diverted stream to its old bed.**

3. A riparian owner on the old bed of a stream is entitled, if not guilty of laches, to a mandatory injunction to have the diverted stream restored to its proper course. It does not appear that plaintiff in this case was guilty of laches, and the evidence warranted granting the remedy stated.

**Same — ownership of banks of stream.**

4. The fact that defendant does not own the land on the banks of the stream upon which it might be necessary to go in order to construct a dam to divert the river to its former course, is not ground for reversing the judgment ordering defendant to restore the river to its old channel.

[1]Reported in 154 N. W. 968.

---

Note.—For correlative rights of log owners and riparian owners as to use of stream, see note in 41 L.R.A. 377.

As to power to grant mandatory injunction against obstruction or diversion of water course, see note in 20 L.R.A. 164.

Action in the district court for Pennington county to compel defendant to restore the Red Lake river to its old channel at the place described in the opinion along the south side of plaintiff's premises. The answer alleged that defendant had never had title to the land where it was alleged the water of the river was forced out of its natural course. The case was tried before Grindeland, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*E. E. McDonald* and *Powell & Simpson,* for appellant.

*G. Halvorson,* for respondent.

BUNN, J.

Plaintiff in the year 1907, before and since, owned and occupied an irregular tract of land described as lot 5 in section 16 of a township in Pennington county. Prior to the spring of 1908, the Red Lake river flowed south along the west side of plaintiff's land, substantially on the section line, then turned east and north along the southerly and easterly boundaries of the land, then east and south again, forming a long loop or bend. Plaintiff's buildings were situated near a dam long before constructed across the river at a point near the northerly end of the loop. In the spring of 1908, the river deserted its original bed, and formed a new channel or "cut-off," leaving the former bend or loop. Since that time the river has continued to flow in its new course, and the original river bed has been dry.

Claiming that defendant, in the fall of 1907, by negligently permitting its logs to pile up in the river at the dam and for some distance up stream and by negligently permitting the logs to remain there in the spring of 1908, caused the water to back up and form the cut-off through which it has run ever since, plaintiff brought this action to compel the defendant to restore the river to its original channel. The complaint alleged that the diversion of the water in the river deprived plaintiff of the use thereof for dairying, stock raising and domestic purposes, to his irreparable injury, and that it was possible and feasible to construct a dam across the cut-off and redirect the waters of the river into the original channel. After a demurrer to the complaint was overruled, defendant answered.

The trial resulted in a decision for plaintiff granting the relief asked. A motion to amend the findings and conclusions was denied; judgment was entered on the decision and defendant appealed therefrom to this court.

The main contentions of defendant on this appeal may be stated thus: (1) There was no evidence that defendant owned or controlled the logs that it is alleged caused the river to change its channel. (2) The finding that defendant was negligent is not sustained by the evidence. (3) Plaintiff has an adequate remedy at law, and hence equity will not grant relief. (4) The judgment requires defendant to commit a trespass, as it does not own the land along the river where it would be necessary to dam in order to restore the water to the old channel. There are minor claims of error in the reception of evidence and in the findings.

1. The evidence tending to show that defendant owned or controlled the logs in question is rather meager, but testimony was received without objection of a statement made by an officer of defendant to the effect that it owned the logs. There was no evidence whatever that it did not. In this state of the record we must hold that the finding of ownership is sustained.

2. We find sufficient evidence tending to prove that defendant was negligent in permitting its logs to remain piled up in the river for some distance above the dam, and in failing to do anything to dislodge them. It is not necessary to refer to the evidence further than to say that it was conflicting, and sufficient to warrant the finding that defendant did not use the care that the situation demanded, and that this negligence was the cause of the water backing up and finding the new channel. The dam had existed for years, and the river had continued to follow its old bed until the logs were allowed to obstruct the water and prevent its flowing over the dam.

3. Whether plaintiff is entitled to the relief asked, a mandatory injunction to compel defendant to restore the river to its old course, is the main question in the case. It is elementary that equity will not grant relief where the remedy at law is plain, speedy and adequate. The trial court found that the diversion of the river had caused irreparable damage to plaintiff and that he had no adequate remedy at law. Equity will enjoin the unlawful diversion of a stream from its natural course at the

suit of a riparian owner; the remedy of damages in such case is not deemed adequate, and the injuction prevents a multiplicity of suits. The rule is the same in case of unlawful obstructions in a stream; a mandatory injunction will lie to compel their removal, providing the riparian owner has not slept on his rights. So also it is generally held that a riparian owner on the old bed of a stream is entitled, if not guilty of laches, to a mandatory injunction to have the diverted stream restored to its proper course. 40 Cyc. 619, and cases cited. City of Moundsville v. Ohio River R. Co. 20 L.R.A. 161, and cases cited in note on page 164 [37 W. Va. 92, 16 S. E. 514]. The law as above stated is well settled, and fully supports the granting of the relief in this case, unless plaintiff has been guilty of such laches as should deprive him of this equitable remedy. It does not seem to be claimed by defendant that plaintiff has slept upon his rights. Indeed the record does not show when the present suit was begun. Under these circumstances we ought not to reverse the decision of the trial court in favor of plaintiff on the ground of laches.

4. The trial court found as a fact that it was possible and feasible to construct a dam across the cut-off and redirect the water of the river into the old channel. This finding we must accept as correct. The judgment is simply that defendant restore the river to its own channel. How this shall be done is left to defendant to decide. Even if it was necessary to construct a dam across the cut-off, and even if this would require defendant to obtain permission to go on land of other owners, we are unable to see a valid reason here for disturbing the judgment. If defendant finds it impossible to comply with the injunction, a showing to that end made to the trial court might serve as an excuse, but the mere fact that defendant does not own the land on the bank of the cut-off is not a good ground for relieving it from making the effort to do what the court has ordered.

5. Complaint is made of certain findings of the trial court, and its refusal to amend certain findings. The material facts found are sustained by the evidence. The failure to find as to a reservation of a few acres made by plaintiff's grantor in her assignment of her rights under a school land certificate was not error, as such a finding was immaterial. The same may properly be said as to the finding in regard to the con · struction and ownership of the dam. It was not the dam that caused

the river to change its course.   We find nothing in the way of error that calls for a reversal of the judgment.

Judgment affirmed.